UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **ASBESTOS WORKERS LOCAL 24 MEDICAL FUND**<br>7130 Columbia Gateway Drive, Suite A<br>Columbia, Maryland 21406<br>Howard County<br><br>and<br><br>**RONALD S. SHEGOGUE, SCOTT GRANT, BRIAN S. CAVEY, ROBERT S. MCCOURT, JONATHAN POTTER**, and **KEVIN P. ORCHARD**<br>as Trustees of the<br>ASBESTOS WORKERS LOCAL 24 MEDICAL FUND<br>7130 Columbia Gateway Drive, Suite A<br>Columbia, Maryland 21406<br>Howard County<br><br>and<br><br>**ASBESTOS WORKERS LOCAL 24 PENSION FUND**<br>7130 Columbia Gateway Drive, Suite A<br>Columbia, Maryland 21406<br>Howard County<br><br>and<br><br>**BRIAN S. CAVEY, JONATHAN POTTER, MIKE MONEYMAKER, FORREST WARMAN, RICK SCHMID, and STEVE PUMPHREY**<br>as Trustees of the<br>ASBESTOS WORKERS LOCAL 24 PENSION FUND<br>7130 Columbia Gateway Drive, Suite A<br>Columbia, Maryland 21406<br>Howard County | Civil Action No. 1:19-cv-1743 |

and

**ASBESTOS WORKERS LOCAL 24 APPRENTICESHIP FUND**
7130 Columbia Gateway Drive, Suite A
Columbia, Maryland 21406
Howard County

and

**BRIAN S. CAVEY**, **WILFREDO MATA, ROBERT MCCOURT, FORREST WARMAN, MATTHEW STILLITANO and KEN GRAVES**
as Trustees of the
ASBESTOS WORKERS LOCAL 24
APPRENTICESHIP FUND
7130 Columbia Gateway Drive, Suite A
Columbia, Maryland 21406
Howard County

       Plaintiffs,

vs.

**Z & E ENTERPRISES, INC.
d/b/a MID-ATLANTIC
CONSTRUCTION GROUP**
4161 Cadle Creek Rd.
Edgewater, Maryland 21037
Anne Arundel County

       Defendant.

**Additional Required Service under 29 U.S.C. § 1132(h) to:**

**U.S. Department of Labor**
Attn: Assistant Solicitor
 for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20210

**U.S. Department of Treasury**
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

**COMPLAINT UNDER ERISA FOR OUTSTANDING EMPLOYER CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES AND INJUNCTIVE RELIEF**

**Introduction, Jurisdiction and Venue**

1. This is a civil action brought by the Trustees of three employee benefit plans pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security

2

Act of 1974, <u>as amended</u> ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, <u>as amended</u> ("LMRA"), 29 U.S.C. § 185(a) to collect unpaid collectively bargained contributions, interest, and liquidated damages owed by Defendant, and for injunctive relief.

2. Jurisdiction is conferred upon this Court by Section 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301 of the LMRA, 29 U.S.C. § 185. Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Asbestos Workers Local 24 Medical Fund, the Asbestos Workers Local 24 Pension Fund, and the Asbestos Workers Local 24 Apprenticeship Fund are administered in this District and Defendant transacts business in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

**Parties**

5. Plaintiff Asbestos Workers Local 24 Medical Fund ("Medical Fund"), is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing health care and other welfare benefits to eligible employees, their families and dependents. The Medical Fund was established and exists pursuant to the collective bargaining agreements between the International Association of Heat and Frost Insulators and Allied Workers, Local 24 ("Union") and certain employers. The Medical Fund is a jointly administered Trust Fund established pursuant to Section 302(c)(5) of the

LMRA, 29 U.S.C. § 186(c)(5). The Medical Fund is administered at 7130 Columbia Gateway Drive, Suite A, Columbia, Maryland, 21406.

6. Plaintiff Trustees of the Medical Fund, Robert S. McCourt, Brian Cavey, Jonathan Potter, Scott Grant, Ronald S. Shegogue, and Kevin P. Orchard, are the duly authorized Trustees of the Medical Fund, whose duty it is to administer the Medical Fund for the benefit of the participants and beneficiaries of the Medical Fund. The Trustees are authorized and empowered to maintain this action.

7. Plaintiff Asbestos Workers Local 24 Pension Fund ("Pension Fund"), is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The Pension Fund was established and exists pursuant to the collective bargaining agreements between the Union and certain employers, and provides two plans of benefits: a Defined Benefit Pension and a Defined Contribution Pension. The Pension Fund is a jointly administered Trust Fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Pension Fund is administered at 7130 Columbia Gateway Drive, Suite A, Columbia, Maryland, 21406

8. Plaintiff Trustees of the Pension Fund, Brian S. Cavey, Jonathan Potter, Steve Pumphrey, Rick Schmid, and Forrest Warman, are the duly authorized Trustees of the Pension Fund, whose duty it is to administer the Pension Fund for the benefit of the participants and beneficiaries of the Pension Fund. The Trustees are authorized and empowered to maintain this action.

9. Plaintiff Asbestos Workers Local 24 Apprenticeship Fund ("Apprenticeship Fund"), is an employee welfare plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing job training benefits to eligible employees and apprenticeship training to potential employees. The Apprenticeship Fund was established and exists pursuant to the collective bargaining agreements between the Union and certain employers. The Apprenticeship Fund is a jointly administered Trust Fund established pursuant to Section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6). The Apprenticeship Fund is administered at 7130 Columbia Gateway Drive, Suite A, Columbia, Maryland, 21406.

10. Plaintiff Trustees of the Apprenticeship Fund, Ken Graves, Brian Cavey, Robert McCourt, Forrest Warman, Matthew Stillitano and Wilfredo Mata, are the duly authorized Trustees of the Apprenticeship Fund, whose duty it is to administer the Apprenticeship Fund for the benefit of the participants and beneficiaries of the Apprenticeship Fund. The Trustees are authorized and empowered to maintain this action.

11. Defendant Z & E Enterprises, d/b/a Mid-Atlantic Construction Group, ("Defendant" or "Mid-Atlantic") is a corporation operating under the laws of the state of Maryland, with an address of 4161 Cadle Creek Rd., Edgewater, Maryland 21037 and transacting business in Maryland in the insulation industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the LMRA, 29 U.S.C. §§ 142(1), (3) and 152(2); Section 3(5), (9), (11), (12) of ERISA, 29 U.S.C. § 1002(2), (5), (9), (11), (12).

12. At all times herein, Defendant was an employer "in an industry affecting commerce" as defined in Section 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

## FACTUAL BACKGROUND

13. Defendant was bound to a series of collective bargaining agreements that established the terms and conditions of employment for their employees, known as the Joint Trade Agreement. Defendant was bound to a Joint Trade Agreement covering the period from October 1, 2009 through September 30, 2012 (the "2009 Joint Trade Agreement") and to a Joint Trade Agreement covering the periods from October 1, 2006 to September 30, 2009 (the "2006 Joint Trade Agreement") (collectively referred to as the "Joint Trade Agreements"). True and correct copies of the 2006 Joint Trade Agreement, and the 2009 Joint Trade Agreement are attached hereto as Plaintiffs' Exhibits A and B respectively.

14. In accordance with the Joint Trade Agreements, the Defendant must make contributions to the Medical Fund, Pension Fund and Apprenticeship Fund in a specified amount for each hour that the Defendant is obligated to pay compensation to employees covered under the respective Joint Trade Agreements ("Covered Employment"). Defendant is also required to remit contribution reports reflecting hours worked and wages paid for Covered Employment. Exs. A & B, Art. X(A).

15. The 2006 Joint Trade Agreement requires a signatory employer to contribute $5.59 per hour to the Medical Fund for each hour of Covered Employment by Journeymen and $5.54 for each hour of Covered Employment by Apprentices. Ex. A, Art. X(A). The 2009 Joint Trade Agreement requires a signatory employer to contribute $5.74 to the Medical Fund for each hour of Covered Employment. *See* Exhibit B at Article X(A).

6

16. The 2006 Joint Trade Agreement requires a signatory employer to contribute $6.42 per hour to the Pension Fund for each hour of Covered Employment. Ex. A, Art. X(B). The 2009 Joint Trade Agreement requires a signatory employer to contribute $7.77 to the Pension Fund for each hour of Covered Employment. Ex. B, Art. X(B).

17. The 2006 Joint Trade Agreement and 2009 Joint Trade Agreement require a signatory employer to forward to the Apprenticeship Fund Trustees $.30 (thirty cents) for each hour worked by Journeymen ($.15 as an employer contribution and $.15 as a deduction from the employee's pay), and $.55 (fifty-five cents) for each hour worked by Apprentices ($.40 as an employer contribution and $.15 as a deduction from the employee's pay). Exs. A & B, Art. X(C).

18. Defendant is also independently obligated to make contributions to the Funds pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

### The Funds' Trust Agreements and Collection Policy

19. The Medical Fund exists pursuant to the terms of the Agreement and Declaration of Trust of the International Association of Heat and Frost Insulators and Asbestos Workers Local 24 Medical Fund (the "Medical Trust Agreement"). A true and correct copy of the Medical Trust Agreement is attached hereto as Plaintiffs' Exhibit C. Pursuant to Article X of the 2006 and 2009 Joint Trade Agreements, Defendant agreed to be bound by the Medical Trust Agreement. Exs. A & B, Art. X(A). Under Article XI, Sections E and F of the Medical Trust Agreement, the Medical Fund assesses interest, at a rate determined by the Trustees, and liquidated damages, at the rate of 20% of the delinquent amount, on underpaid and late paid contributions. Under Article XI, Section

F of the Medical Trust Agreement, "[t]he Trustees are empowered to collect all amounts owed through any means they so choose." Ex. C, Art. XI, Secs. E & F.

20. The Pension Fund exists pursuant to the terms of the Restated Trust Agreement of the International Association of Heat and Frost Insulators and Asbestos Workers Local 24 Pension Fund (the "Pension Trust Agreement"). A true and correct copy of the Pension Trust Agreement is attached hereto as Plaintiffs' Exhibit D. Pursuant to Article X of the 2006 and 2009 Joint Trade Agreements, Defendant agreed to be bound by the Pension Trust Agreement. Exs. A & B, Art. X(B). The Pension Fund provides both defined benefit and defined contribution retirement benefits, subject to the type of contributions employers are contractually required to make. Under Article V, Section 3 of the Pension Trust Agreement, the Trustees are "empowered to demand, collect and receive Employer payments and all other money and property to which the Trustees maybe entitled" and may take any administrative or legal steps to do so that they deem in the Pension Fund's best interest. Under Article V, Section 5 of the Pension Trust Agreement, the Trustees may require the payment of liquidated damages and other costs and expenses arising out of delinquent contributions. Ex. D, Art. V, Sec. 5.

21. The Apprenticeship Fund exists pursuant to the terms of the Agreement and Declaration of Trust of the International Association of Heat and Frost Insulators and Asbestos Workers Local 24 Apprenticeship Fund (the "Apprenticeship Trust Agreement"). A true and correct copy of the Apprenticeship Trust Agreement is attached hereto as Plaintiffs' Exhibit E. Pursuant to Article X of the 2006 and 2009 Joint Trade Agreements, Defendant agreed to be bound by the Medical Trust Agreement. Exs. A & B, Art. X(C). Under Article IV, Section 2 of the Apprenticeship Trust Agreement, "[t]he Trustees may compel and enforce the payment of the contributions in any manner which they may deem proper; and the Trustees may make such

additional rules and regulations to facilitate and enforce the collection and payment thereof as they may deem appropriate." Ex. E, Art. IV, Sec. 2.

22. In order to implement and execute the terms and conditions of the Funds, the Trustees of the Funds published and adopted a joint collection policy establishing the steps and responsibilities of the Trustees, the Funds' administrators, the attorneys and auditors in the collections process. A true and correct copy of the joint Collection Policy is attached hereto as Plaintiffs' Exhibit F. Pursuant to the 2006 and 2009 Joint Trade Agreements, Defendant expressly agreed to adopt and Delinquency Collection and Enforcement Policy as adopted by the Trustees for the Medical, Pension, and Apprenticeship Funds. Exs. A & B, Art. X.

23. Pursuant to the Collection Policy, Defendant is required to submit contributions and reports to the Funds on or before the fifteenth day of each month for payroll periods ending the previous month. Ex. F, ¶ 1.

24. In addition, pursuant to the Collection Policy, the Defendant is required to pay interest and liquidated damages on all untimely contributions or failures to contribute. Specifically, Defendant is required to pay interest at the rate of 18% per annum, and liquidated damages assessed in the amount that is the greater of the amount of interest charged or 20% of the delinquent amount. Ex. F, ¶¶ 4-5.

25. Pursuant to the Collection Policy, Defendant is also required to pay the Funds' "costs and expenses of litigation, including attorneys' fees." Ex. F, Miscellaneous, Sec. 1.

26. Pursuant to Section 502(g) of ERISA, if judgment is entered against Defendant, Plaintiff Funds are entitled to an award of unpaid contributions; interest on the unpaid contributions; an amount equal to the greater of the interest on the unpaid contributions or

9

liquidated damages provided for under the terms of the Funds' plans; reasonable attorneys' fees and costs, and other legal or equitable relief as deemed appropriate by the court.

27. The respective Trust Agreements empower the Trustees to examine the payroll records and books of any participating employer when deemed necessary for the administration of the Funds. *See* Ex. C, Art. XI, Sec. C; Ex. D, Art. V, Sec. 4; Ex. E, Art. IV, Sec. 6. The purpose of an audit is to verify the employer's self-reporting of hours of Covered Employment and therefore ensure that such employer has remitted the appropriate amount of contributions to the Funds on behalf of each applicable employee. The Collection Policy states that if an under-payment is discovered as the result of an audit, the employer is responsible for paying the cost of the audit in addition to interest and liquidated damages on the underpaid amounts. Ex. F, Audits, Sec. 5.

28. The Funds conducted a payroll audit ("Audit") of Defendant for the period of January 2011 through August 2013 ("Audit Period"). See Audit, attached as Exhibit G. The Audit revealed that Defendant failed to make all required contributions to the Funds for the Audit Period.

29. The Audit reflects that Defendant owes $39,731.08[1] in unpaid contributions to the Funds for the period of January 2011 through September 2012. In accordance with the Collection Policy, which provides that delinquent employers must pay interest at the rate of 8% per annum and liquidated damages of the greater of the amount of interest charged or 20% of the delinquent amount, Defendant owes $50,597.96 in interest and $50,597.96 in liquidated damages. Accordingly, Mid-Atlantic owes a total of $140,927.00 for the Audit. While the Audit contributions remain unpaid, interest continues to accrue on these delinquent contributions.

## COUNT I

---

[1] The Funds are only pursuing amounts owed revealed by audit for the period of January 2011 through September 2012 in this action. Accordingly, contributions sought in this Complaint are lower than the amounts reflected in Exhibit G.

30. Plaintiffs realleges and incorporates Paragraphs 1 through 29.

31. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

32. Pursuant to federal law and the terms of the Joint Trade Agreements and the Funds' Collection Policy, Defendant owes $50,597.96 in interest and $50,597.96 in liquidated damages as well as $39,731.08 in unpaid contributions to the Funds.

33. Accordingly, Defendant owes a total of $140,927.00 to Plaintiff Funds in unpaid contributions, unpaid interest, and liquidated damages.

34. Prior to commencing this lawsuit, the Funds have communicated to Defendant in an attempt to obtain the outstanding amounts.  Defendant has refused to make payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the Funds, and pay the amounts owed.

**WHEREFORE**, Plaintiffs pray for Judgment as follows:

1. Declare Defendant delinquent in remitting contributions to the Funds pursuant to the Joint Trade Agreements;

2. Award Plaintiffs judgment against Defendant for $140,927.00 in contributions, interest and liquidated damages;

3. Award Plaintiffs costs and reasonable attorneys' fees, pursuant to section 502(g)(2) of ERISA; 29 U.S.C. § 1132(g)(2);

4. Award additional pre and post judgment interest on the amounts awarded above until the date of payment;

5. Retain jurisdiction of this case pending compliance with its Orders; and

6. Grant such other relief as the Court may deem appropriate.

Respectfully Submitted,

\_\_\_/s/ Andrew K. Lin_____
Andrew K. Lin (MD Bar # 18326)
Mooney, Green, Saindon, Murphy & Welch
1920 L Street, NW, Suite 400
Washington, D.C.  20036
(202) 783-0010
(202) 783-6088 Facsimile
alin@mooneygreen.com
Counsel for the Plaintiff

Date:   June 14, 2019